UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AARON K. DANIELS,<br><br>          Plaintiff,<br><br>  v.<br><br>DR. MAR et al.,<br><br>          Defendants. | 3:14-cv-00499-RCJ-WGC<br><br>**ORDER** |

**I. FACTS AND PRECEDURAL HISTORY**

Plaintiff Aaron Daniels is a prisoner in the custody of the Nevada Department of Corrections at Ely State Prison. He sued several Defendants in this Court under 42 U.S.C. § 1983 based on a failure to prescribe him orthopedic shoes and destruction of his property during a cell search. The Court dismissed upon screening. The Court of Appeals affirmed in part and reversed in part, remanding the deliberate indifference claim against Dr. Mar with instructions to give leave to amend that claim as against other Defendants. Plaintiff did not amend, and Dr. Mar has moved for summary judgment against the remaining claim. The

Magistrate Judge has recommended denying the motion. The Court respectfully disagrees and grants the motion.

## II. SUMMARY JUDGMENT STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing

party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

### III. ANALYSIS

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Assuming the medical need is sufficiently serious, a plaintiff must still show that the defendant acted with deliberate indifference to that need. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It entails something more than medical malpractice or even gross negligence. *Id.* Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (internal quotation marks and citation omitted). Critically, "a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014)). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiff's health.'" *Id.* at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

Here, it is not disputed that Dr. Mar examined Plaintiff only once, on February 13, 2013 and noted the following:

Walk rapidly downstairs, no problem. Gait walking upstairs normal, quick. Gait

- 4 -

> walking back from exam room normal, quick. Gait in exam room slow with right leg limp. [Open Reduction Internal Fixation] on both feet. Pain with walking. Congenital flat feet.
>
> 0 = foot – No callous or skin breakdown. Foot invert (flat feet). Surgical scar noted along mid of both metatarsal.
>
> In exam room – Gait = limp with right legs with grimace on face. Toe walk, heel walk normal. Walking up and down stair and across tiers with no limping. Normal, easy quick gait with no grimace or evidence of pain.
>
> [Assessment]: Flat foot with [Open Reduction Internal Fixation] of 1st metatarsal. Normal gait.
>
> [Plan]: At this time there is no indication for special shoes.

Dr. Mar's notes indicate Plaintiff walked normally when walking outside of the exam room (when not being examined), including walking up and down stairs, but that his gait slowed and that there was a limp and a grimace in the exam room. There was no callousing or skin damage on his feet due to any persistent abnormal gait, although there were surgical scars. Dr. Mar assessed flat feet with a normal gait and opined that special shoes were not medically indicated. The Court cannot say that this assessment constituted deliberate indifference to a serious medical need, because there is no evidence that Dr. Mar perceived any serious medical need and consciously disregarded it.

Plaintiff argues that his 2008 prescription for orthopedic shoes and prior surgery should have put Dr. Mar on notice of a serious medical need. But Dr. Mar was not bound to blindly agree with a 2008 prescription for insoles against the results of his own examination. Nor was he bound to give controlling weight to Plaintiff's subjective claims of pain over his objective observations of Plaintiff's gait and feet, particularly given the differences in Plaintiff's gait when being observed and not (as far as Plaintiff knew) being observed. The fact that two more doctors rejected Plaintiff's further requests for special shoes in 2013 and 2014, before Plaintiff convinced

a fourth doctor to prescribe them in 2017, only serves to strengthen the conclusion that this issue concerns a difference of medical opinion not amounting to deliberate indifference to a serious medical need.

This is unlike a case where a plaintiff alleges a doctor acknowledged a need but told the plaintiff the need would not be addressed for reasons of cost, or that the plaintiff should just suffer with the untreated condition. There is no evidence in the record that Dr. Mar ever acknowledged a need for orthopedic shoes, which is different from acknowledging the bare existence of some relevant symptoms or medical history that a layperson might think indicates orthopedic shoes. If the latter were the standard, a plaintiff could state a claim of deliberate indifference simply by producing some evidence that might cause a layperson to think a certain course of treatment were indicated, regardless of whether a medical defendant in fact perceived such a need based on the totality of that evidence, other evidence, and his own direct examination. That would be to impermissibly constitutionalize a medical negligence claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 47) is REJECTED, and the Motion for Summary Judgment (ECF No. 33) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 50) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 21st day of March, 2018.

_____
ROBERT C. JONES
United States District Judge